# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. YOUNGBLOOD, | Case No. 1:19-cv-01140-JLT (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION TO PROCEED** *IN FORMA PAUPERIS* |
| v. | |
| ESQUERRA, et al., | (Doc. 2) |
| Defendants. | 21-DAY DEADLINE |
| | CLERK'S OFFICE TO ASSIGN DISTRICT JUDGE |

Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2.) Plaintiff's application should be **DENIED** because Plaintiff has suffered "three strikes" as provided by § 1915 and his allegations fail to show that he is in imminent danger of serious physical injury.

**I.      THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

///

1

## II. DISCUSSION

The Court may take judicial notice of court records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). The Court takes judicial notice of eight of Plaintiff's prior lawsuits: (1) *Youngblood v. State of California, et al.*, CAED No. 2:05-cv-00727-LKK-DAD, dismissed for failure to state a claim on September 11, 2006; (2) *Youngblood v. Chico Parole Outpatient Clinic, et al.*, CAED No. 2:11-cv-02159-GGH, dismissed for failure to state a claim on October 21, 2011; (3) *Youngblood v. State of California, et al.*, CAND No. 4:11-cv-04064-PJH, dismissed for failure to state a claim on March 16, 2012; (4) *Youngblood v. Lamarque, et al.*, CAND No. 4:12-cv-04423-PJH, dismissed as frivolous and for failure to state a claim on February 4, 2013; (5) *Youngblood v. Feather Falls Casino*, CAND No. 4:13-cv-01282-PJH, dismissed as frivolous and for failure to state a claim on February 28, 2013; (6) *Youngblood v. Evans, et al.*, CAND No. 4:13-cv-02097-PJH, dismissed a frivolous and for failure to state a claim on May 14, 2013; (7) *Younghblood v. Warden, et al.*, CAND No. 4:13-cv-04366-PJH, dismissed for failure to state a claim on November 12, 2013; and (8) *Youngblood v. Clark, et al.*, CAED No. 1:15-cv-01746-DAD-BAM (PC), dismissed for failure to state a claim on August 15, 2017. These actions were dismissed years before Plaintiff filed the present action on August 20, 2019. Thus, Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* in this action unless, at the time the Complaint was filed, he was under imminent danger of serious physical injury.

The Court has reviewed Plaintiff's Complaint in this action and finds that he does not meet the imminent danger exception. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff's allegations are based on his desire to be placed in a single cell and the fact that his prior lawsuits on this issue have been unsuccessful. Plaintiff also complains about being designated as a vexatious litigant in Butte County Superior Court. Plaintiff also complains that the various courts in which he has filed numerous prior actions are not properly allowing him to pursue legal action for constitutional violations. Plaintiff's recourse for errors by any court is to its appellate court and cannot be redressed merely by filing a new action -- such as here.

Though the circumstances Plaintiff complains of, if true, are not desirable, his allegations

do not show that he was in imminent danger of serious physical injury when he filed this action on August 20, 2019. *See Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015); *Andrews v. Cervantes*, 493 F.3d 1047, 1056-57 (9th Cir. 2007). Thus, Plaintiff is precluded from proceeding *in forma pauperis* in this action. *Andrews*, 493 F.3d at 1056-57. This case should be dismissed without prejudice to refiling upon prepayment of the filing fee.

The Court also notes that, though Plaintiff's prison trust account statement reflects $0.00 for the six months prior to filing this action, (Doc. 2, pp. 3, 4), he also states that he has assets of "Music/Modern Day Invention(s)/Invention(s)/Cartoon(s)/Lawsuit(s)/Entrepreneuer/etc." which have a value of "$33.3 Trillion U.S. Dollars." (*Id*., at p. 2.) Plaintiff signed the application under penalty of perjury. (*Id.*) If Plaintiff's statement of assets is believed, he has more than sufficient funds to be required to pay the filing fee for this action. "If an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required, in the First Circuit's phrase, to 'put his money where his mouth is.'" *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989) (affirming district court denial of in forma pauperis where in past 12 months, plaintiff received a sum of $5,000 settling a civil action and no indication it was unavailable to plaintiff) (citing, *Temple*, 586 F.Supp. at 851 (quoting *In re Stump*, 449 F.2d 1297, 1298 (1st Cir. 1971) (per curiam)). However, the Court need not evaluate the accuracy of Plaintiff's statement of assets made in his application due to his prior strikes and lack of allegations showing imminent danger.

### III. CONCLUSION and RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS that Plaintiff's application to proceed *in forma pauperis*, filed on August 20, 2019, (Doc. 2) should be denied and this action should be dismissed without prejudice to refiling upon prepayment of the filing fee.

The Clerk's Office is directed to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in the waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 25, 2019**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE